UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAZIA JABEEN IQBAL, | No. 2:13-cv-1272 MCE AC PS |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE |
| UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, ET AL., | |
| Defendants. | |

      This action was filed on June 25, 2013 and is presently set for an initial scheduling conference for December 18, 2013. To date, there have been no appearances by the defendant, Board of Immigration Appeals, United States Citizenship and Immigration Services. Examination of the execution of summons filed on October 3, 2013 reveals that plaintiff attempted service by sending a summons via a courier service (FedEx Express) to the following address: DHS/CIS and BIA, 650 Capital Mall 1-130, Sacramento, CA 95814.[1] See ECF No. 5.

      Service upon the United States and its agencies or officers, such as the United States Citizenship and Immigration Services, must be performed according to the specific provisions of Federal Rule of Civil Procedure 4(i). Among other requirements, Rule 4(i) provides that a party

---

[1] This is the address for the Sacramento Field Office for the United States Citizenship and Immigration Services.

1

1 serving a federal agency must serve the agency itself, as well as the U.S. attorney for the district
2 where the action is brought and the Attorney General of the United States at Washington, D.C.
3 From the record before the court, it is clear such service has not been effected properly.  At the
4 very least, there is no indication that plaintiff directed served the U.S. Attorney's Office for the
5 Eastern District of California.  Further, plaintiff has not shown that she served the Attorney
6 General of the United States at Washington, D.C.  Accordingly, the court finds that service of the
7 summons has not been completed.[2]

The court must allow a party reasonable time to cure its failure to serve under Rule 4(i) in two circumstances.  First, if a party failed to serve a party required to be served under Rule 4(i)(2), such as a federal agency or official sued in an official capacity, the party may attempt to cure the failure if he has served either the U.S. attorney or the Attorney General. Fed. R. Civ. P. 4(i)(4)(A).  Second, if a party failed to serve the United States in attempting to serve a federal officer in an individual capacity as required by Rule 4(i)(3), the party may attempt to cure the failure if he has served the office.  Fed. R. Civ. P. 4(i)(4)(B).  Unfortunately for plaintiff, neither of these circumstances is applicable here.

Moreover, service must be accomplished within 120 days of filing the complaint.  See Fed. R. Civ. P. 4(m).  Here, plaintiff initiated this action on June 25, 2013.  As of the date of this order, 165 days have passed since the filing of the complaint and service has still not been accomplished.  Service is therefore also untimely.  Pursuant to Rule 4(m), however, the court is required to extend the time for service for an appropriate period if the plaintiff shows "good cause" for the failure.  Good cause may not be satisfied by "inadvertent error or ignorance of the governing rules," and is generally applicable "only in limited circumstances."  Hamilton v. Endell, 981 F.3d 1062, 1065 (9th Cir. 1992).  And a plaintiff's pro se status does not in itself constitute good cause to excuse defective service.  See Dietzmann v. Baca, 2009 WL 2898811, at *2 (C.D.Cal. Sept. 4, 2009) (citing Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990)).

---

[2] It is also unclear if plaintiff served a copy of the complaint.  Pursuant to Federal Rule of Civil Procedure 4(c)(1), a summons must be served with a copy of the complaint.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The initial scheduling conference, currently set for December 18, 2013, is vacated; and
2. Plaintiff is ordered to show cause within thirty days (30) from the date of this order why this action should not be dismissed for failure to timely serve.

DATED: December 6, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE